UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rodney Coleman, | ) C/A No. 3:14-2955-JFA-BM |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Wade S. Kolb, *Sumter County Solicitor*; Deborah T. Nielson, *Sumter County Assistant Solicitor*; Mr. Mims, *Sumter County Sheriff*; Eugene Williams, *Sumter County Police Investigator*; Judge Thomas W. Cooper, *Presiding Judge*; in their individual and official capacities, | ) |
| Defendants. | ) |

The Plaintiff, Rodney Coleman, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at the Evans Correctional Institution, part of the South Carolina Department of Corrections ("SCDC"). Plaintiff appears to allege that his constitutional rights were violated because he was convicted of possession of a firearm during the commission of a violent crime, but was never arrested and charged with this offense.

Specifically, Plaintiff alleges that he was arrested and charged with murder on April 7, 1996, and that the corresponding arrest warrant was filed by the Clerk of Court of Sumter County on April 12, 1996. However, he claims he was never arrested or charged with the offense of

possession of a firearm during the commission of a violent crime on April 7, 1996, and that his constitutional rights were violated when he was convicted and sentenced to five years for the offense of possession of a firearm during the commission of a violent crime, because the sentencing court did not have jurisdiction since Plaintiff had never been arrested and charged with this offense. Plaintiff appears to allege claims for malicious prosecution as to Defendants Kolb and Nielson, as well as that Judge Cooper did not have jurisdiction to impose the sentence with respect to the possession of a firearm charge. He also claims that "Sumter County et al" withheld evidence from the crime scene. Complaint, ECF No. 1-9. Plaintiff requests declaratory relief, a new trial, and one million dollars. Id. at 9, 11.

## Discussion

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and § 1915A, the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992), Neitzke v. Williams, 490 U.S. 319 (1989), Haines v. Kerner, 404 U.S. 519 (1972), Nasim v. Warden, Maryland House of Corr., 64 F.3d 951 (4th Cir. 1995), and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Pro se complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a pro se complaint to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972); Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).



2

However, even when considered pursuant to this liberal standard, for the reasons set forth herein below this case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009) [outlining pleading requirements under the Federal Rules of Civil Procedure].

### Improper Remedy

First, to the extent that Plaintiff may be requesting release from incarceration, such relief may only be obtained in a habeas action. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)[complaint or petition challenging the fact or duration of confinement should be construed and processed as a habeas corpus petition, while a complaint or petition challenging the conditions of confinement should be construed and processed as a complaint pursuant to 42 U.S.C. § 1983]. In Heck v. Humphrey, 512 U.S. 477 (1994), the Fourth Court reiterated that release from prison is not a remedy available under 42 U.S.C. § 1983. Therefore, to the extent Plaintiff is seeking release from prison, that claim is subject to dismissal.

### Heck v. Humphrey

Plaintiff's claims for damages based on malicious prosecution and false imprisonment are subject to summary dismissal based on the United States Supreme Court's decision in Heck, where the Court held that a state prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. Heck, 512 U.S. at 486-487.



3

As Plaintiff has not shown a favorable termination as to his conviction,[1] his claims for malicious prosecution and/or false imprisonment are barred by Heck, and should be dismissed. See Lambert v. Williams, 223 F.3d 257, 260–261 (4th Cir. 2000)[claim for malicious prosecution requires a showing that the initiation or maintenance of a proceeding against the plaintiff was without probable cause to support it and a termination thereof occurred in favor of the plaintiff], cert. denied, 531 U.S. 1130 (2001); Brooks v. City of Winston–Salem, 85 F.3d 178, 183 (4th Cir. 1996)[Claim for malicious prosecution does "not accrue until a favorable termination is obtained."]; Roesch v. Otarola, 980 F.2d 850, 853–854 (2d Cir. 1992)[holding that requirement that a plaintiff receive favorable termination applies to claims of false arrest, false imprisonment, and malicious prosecution].

It may be that Plaintiff, even though he is currently incarcerated, has completed his sentence as to the challenged conviction, as the records from the Sumter County Third Circuit Public Index[2] indicate that Plaintiff was sentenced on the possession of a weapon during a violent crime conviction to five years concurrent; see http://publicindex.sccourts.org/Sumter/PublicIndex/ PIError.aspx?County=43&CourtAgency=43001&Casenum=1996GS4300573A&CaseType=C (last visited Oct. 6, 2014); and in Wilson v. Johnson, 535 F.3d 262 (4th Cir. 2008), the Fourth Circuit indicated that Heck does not bar a § 1983 action where "a prisoner could not, as a practical matter, seek habeas relief." Wilson, 535 F.3d at 268. However, even if Plaintiff is currently no longer in custody as to the challenged conviction, he had ample time to bring his habeas claims while in

---

[1] In fact, he even asks for a "new trial".

[2] The Court may take judicial notice of factual information located in postings on government web sites. See Williams v. Long, 585 F.Supp.2d 679, 687–88 (D.Md. 2008) [noting that some courts have found postings on government web sites as inherently authentic or self-authenticating].



4

custody and has not alleged that circumstances beyond his control existed to prevent him from pursuing habeas relief. Therefore, even if Plaintiff has now completed his sentence, these claims are still subject to dismissal. See Bishop v. County of Macon, 484 F. App'x 753, 754 (4th Cir. 2012)[Finding that Wilson's exception only applies where the plaintiff can show that circumstances beyond his control left him unable pursue habeas remedies, and warning that "Wilson does not permit a plaintiff to end-run Heck by simply sitting on his rights until all avenues for challenging a conviction have closed."].

## Defendants Mims and Williams

It is noted that Plaintiff names Sumter County Sheriff Mims and Sumter County Police Investigator Williams as Defendants in the caption of his Complaint. However, even if Plaintiff's claims against Defendants Mims and Williams are not barred by Heck, these Defendants are entitled to summary dismissal because Plaintiff's pleadings fail to provide any specific factual information to support a claim that either of these Defendants violated his constitutional rights. See Bell Atlantic Corp. v. Twombly, 550 U.S. at 555 [requiring, in order to avoid dismissal, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests'" (quoting Fed. R. Civ. P. 8(a)(2)].

In order to proceed under § 1983, a plaintiff must affirmatively show that a defendant acted personally in the deprivation of his constitutional rights; Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977); and when a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. See Karafiat v. O'Mally, 54 F. App'x 192, 195 (6th Cir. 2002); Whaley v. Hatcher, No. 1:08CV 125–01–MU, 2008 WL 1806124, at *1 (W.D.N.C. Apr.18, 2008).



5

Here, Plaintiff does not mention either of the Defendants in the body of his Complaint, and has not alleged any specific claim against either of these Defendants. Therefore, they are entitled to dismissal as party Defendants, even if this case was otherwise allowed to proceed.

**Defendants Kolb and Nielson**

Plaintiff claims that Sumter County Assistant Solicitor Deborah T. Nielson committed prosecutorial misconduct by bringing the possession of a firearm during the commission of a violent crime charge "knowing that on April 07, 1996 Plaintiff was never arrested and charged with [this] offense...according to the arrest report." ECF No. 1. He further claims that Nielson had a witness falsely testimony to help convict him. Plaintiff appears to claim that he was unable to pay the required money to the South Carolina Law Enforcement Division ("SLED") to obtain crime scene evidence and that Nielson failed to provide the court and Plaintiff's attorney with copies of all relevant evidence. Plaintiff also claims that the grand jury true bill indictment as to the firearm charge is defective because the relevant evidence has been held at SLED for eighteen years and Plaintiff is unsure what evidence Sumter Solicitor Wade S. Kolb, Jr. presented to the grand jury.

These two individuals are entitled to dismissal as party Plaintiff's because Prosecutors have absolute immunity for activities performed as "an officer of the court" where the conduct at issue was closely associated with the judicial phase of the criminal process. See Van de Kamp v. Goldstein, 555 U.S. 335, 341-343 (2009). For example, when a prosecutor "prepares to initiate a judicial proceeding," "appears in court to present evidence in support of a search warrant application," or conducts a criminal trial, bond hearings, grand jury proceedings, and pre-trial "motions" hearings, absolute immunity applies. Id. at 343; see also Buckley v. Fitzsimmons, 509 U.S. 259 (1993); Dababnah v. Keller–Burnside, 208 F.3d 467 (4th Cir. 2000). In the instant action,



6

Plaintiff's claims against Defendants Nielson and Kolb involve the prosecution of Plaintiff's criminal case. Therefore, these Defendants are protected from Plaintiff's claims for damages by prosecutorial immunity. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)[absolute immunity "is an immunity from suit rather than a mere defense to liability"]; see also Bernard v. County of Suffolk, 356 F.3d 495, 502 (2d Cir. 2004)[immunity extends to "persons working under [a prosecutor's] direction, when they function as advocates for the state" and are clearly associated with the judicial process].

### Defendant Judge Cooper

Plaintiff claims that Judge Thomas W. Cooper, Jr. erred in sentencing him for the offense of possession of a firearm during the commission of a violent charge when Plaintiff "was never arrested and charged with this offense on April 07, 1996." Complaint, ECF No. 1 at 3. He also claims that his attorney filed a motion on May 30, 1996 to obtain certain evidence, but the motion was never granted. However, Judge Cooper is entitled to absolute judicial immunity from suit for all actions taken in his judicial capacity. See Mireles v. Waco, 502 U.S. 9 (1991); Stump v. Sparkman, 435 U.S. 349, 351-64 (1978); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987)[a suit by South Carolina inmate against two Virginia magistrates]; Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985)["It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."]; see also Siegert v. Gilley, 500 U.S. 226 (1991) [immunity presents a threshold question which should be resolved before discovery is even allowed]; Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) [absolute immunity "is an immunity from suit rather than a mere defense to liability"]; accord Bolin v. Story, 225 F.3d 1234 (11th Cir. 2000)[discussing judicial



7

immunity of United States District Judges and United States Circuit Judges]. Therefore, Judge Cooper is entitled to dismissal as a party Defendant.

### Declaratory Relief

Plaintiff requests "[a] declaration that the acts and omissions described herein violated Plaintiff's rights under the Constitution and laws of the United States." "Declaratory judgments, however, are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct." Johnson v. McCuskey, 72 F. App'x 475, 477 (7th Cir. 2003) (citing Bontkowski v. Smith, 305 F.3d 757, 761 (7th Cir. 2002); 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2751 (3d ed.1998)). "Declaratory judgments are not meant simply to proclaim that one party is liable to another." Johnson v. McCuskey, 72 F. App'x at 478 (citing Loveladies Harbor, Inc. v. United States, 27 F.3d 1545, 1553–54 (Fed.Cir. 1994)). Plaintiff is not entitled to the declaratory relief that he seeks in the instant Complaint because he does not ask the Court to define the parties' rights in the future. Rather, he seeks merely a declaration from the Court that the Defendants violated his rights in the past. See Abebe v. Richland County, C/A No. 2:09–02469–MBS–RSC, 2009 WL 6582396 (D.S.C. Oct.8, 2009) [plaintiff's request for declaratory judgment "misses the mark" when he asks the court for declarations that the acts and omissions described in the complaint violated his rights under the constitution], adopted, 2010 WL 2431062 (D.S.C. Jun. 14, 2010). Consequently, Plaintiff's Complaint, insofar as it seeks "[a] declaration that acts and omissions described herein violated Plaintiff's rights under the Constitution and Laws of the United States" (ECF No. 1 at 11), should be dismissed.



8

### Claims under South Carolina Law

To the extent Plaintiff has alleged claims under state law (he asserts that Defendants' actions violated "South Carolina pretrial matters"), federal courts are allowed to hear and decide state-law claims only in conjunction with federal-law claims, through the exercise of "supplemental jurisdiction." See 28 U.S.C. §1367; Wisconsin Dep't of Corrs. v. Schacht, 524 U.S. 381, 387 (1998). Since Plaintiff has asserted no valid federal claim, this Court cannot exercise "supplemental" jurisdiction over Plaintiff's state law claims, if any. See Lovern v. Edwards, 190 F.3d 648, 655 (4th Cir. 1999) ["[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants"].

While a civil action for a state law claim would be cognizable in this Court on its own under the federal diversity statute, that statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). See 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. See Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 372-374 (1978). Here, Plaintiff's Complaint and proposed service documents indicate that all parties to this action are residents of South Carolina, so diversity of citizenship does not exist. See ECF No. 1 at 1; ECF No. 26. Accordingly, this Court has no diversity jurisdiction over any state law claims being asserted.

### Recommendation

Based on the foregoing, it is recommended that the Court **dismiss** Plaintiff's Complaint without prejudice and without issuance and service of process.



9

Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

October 7, 2014
Charleston, South Carolina

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

11

