# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Rodney Coleman, ) | |
| ) | Civil Action No. 3:14-cv-02955-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Wade S. Kolb, Deborah T. Nielson, Eugene ) | |
| Williams, Judge Thomas W. Cooper, Mr. ) | |
| Mims, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Rodney Coleman ("Plaintiff") filed this *pro se* action pursuant to 42 U.S.C. § 1983. Plaintiff alleges Defendants Wade S. Kolb, Sumter County Solicitor; Deborah T. Nielson, Sumter County Assistant Solicitor; Eugene Williams, Sumter County Police Investigator; Judge Thomas W. Cooper; and Tommy Mims, former Sumter County Sherriff (collectively "Defendants"), violated his constitutional rights because he was never arrested and charged with possession of a firearm during the commission of a violent crime, an offense for which he was convicted. (ECF No. 1.)

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial handling. On October 8, 2014, the Magistrate Judge issued a Report and Recommendation ("Report") recommending the court summarily dismiss the action without issuance and service of process. (ECF No. 31.) This review considers Plaintiff's Motion and Demand to Object to Report and Recommendation ("Objections"), filed October 23, 2014. (ECF No. 34.) The court also considers Plaintiff's Motion and Demand to File Notice of Appeal (ECF No. 36), Motion and Demand for Abeyance and to Amend Original Complaint (ECF No. 38), and Motion to Amend (ECF No. 40).

1

For the reasons set forth herein, the court **ACCEPTS** the Magistrate Judge's Report. The court thereby **DISMISSES** Plaintiff's Complaint (ECF No. 1) and **DENIES** Plaintiffs' Motions (ECF Nos. 34, 36, 40).

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and procedural summation in the Magistrate Judge's Report is accurate, and the court adopts this summary as its own. (*See* ECF No. 31.) The court will only recite herein facts pertinent to the analysis of Plaintiff's Objections and Motions.

Plaintiff is currently incarcerated at MacDougall Correctional Institution within the South Carolina Department of Corrections ("SCDC"), serving a 35-year sentence on a conviction of murder and a 5-year sentence on a conviction for possession of a weapon during a violent crime, to be served concurrently. *See* SCDC Incarcerated Inmate Search, http://public.doc.state.sc.us/scdc-public/ (last visited Aug. 13, 2015); *see also,* Sumter County Third Judicial Circuit Public Index, http://publicindex.sccourts.org/Sumter/PublicIndex/PISearch.aspx, Case No. 1996GS4300573A (last visited Aug. 14, 2015).[1]

Plaintiff filed his Complaint on June 30, 2014, alleging the Sumter County "General Session Court did not have jurisdiction to convict and sentence the plaintiff to 5 years for" possession of a weapon during a violent crime because he was not arrested and charged with that offense. (ECF No. 1 at 3-4.) Plaintiff also alleges prosecutorial misconduct, including the

---

[1] Under Federal Rule of Evidence 201(b), "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Postings on government websites are inherently authentic or self-authenticating. *See Williams v. Long,* 585 F. Supp. 2d 279, 686-89, 688 n.4 (D. Md. 2008).

withholding of *Brady* material[2] and other evidence. (*Id.* at 4-7.) Plaintiff seeks a jury trial, $100 million "for 18 years of imprisonment, pain and suffering, lost wages from employment, emotional stress and lost [*sic*] of home, property, and family," "[a] declaration that the acts and omissions described herein violated Plaintiff's rights under the Constitution and laws of the United States," compensatory and punitive damages "in the amount of $250.00 per day spent in prison due to lost wages," and any additional relief the court deems proper. (*Id.* at 9-11.)

On October 8, 2014, the Magistrate Judge issued the Report, recommending the court summarily dismiss the action. (ECF No. 31.) First, the Magistrate Judge found, "to the extent that Plaintiff may be requesting release from incarceration, such relief may only be obtained in a habeas [corpus] action." (*Id.* at 3.) Further, the Magistrate Judge found, Plaintiff's claims are precluded under *Heck v. Humphrey,* 512 U.S. 477 (1994), which states that a prisoner's claims for damages are not cognizable under § 1983 if they would necessarily question the validity of his conviction. (*Id.* at 3-5.)

In addition, the Magistrate Judge found that even if Plaintiff's claims were not barred by *Heck,* summary dismissal was appropriate for each Defendant. For Defendants Mims and Williams, "Plaintiff's pleadings fail to provide any specific factual information to support a claim that either of these Defendants violated his constitutional rights." (*Id.* at 5.) Defendants Kolb and Nielson are entitled to absolute prosecutorial immunity for activities performed as officers of the court. (*Id.* at 6.) Defendant Cooper "is entitled to absolute judicial immunity from suit for all actions taken in his judicial capacity." (*Id.* at 7.)

Regarding Plaintiff's request for a declaratory judgment, the Magistrate Judge found

---

[2] *Brady v. Maryland,* 373 U.S. 83, 87 (1963) ("[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.")

Plaintiff is not entitled to such relief "because he does not ask the Court to define the parties' rights in the future." (*Id.* at 8.)

Finally, regarding any claims Plaintiff may be asserting under state law, "[s]ince Plaintiff has asserted no valid federal claim, this Court cannot exercise 'supplemental' jurisdiction over Plaintiff's state law claims, if any." (*Id.* at 9.) Further, the Magistrate Judge stated, there is not diversity of citizenship among the parties and thus the court cannot exercise diversity jurisdiction over these matters. (*Id.*)

Plaintiff timely filed his Objections on October 23, 2014. (ECF No. 34.) In addition, on February 19, 2015, Plaintiff filed a Motion and Demand to File Notice of Appeal (ECF No. 36), followed by a Motion and Demand for Abeyance and to Amend Original Complaint (ECF No. 38) on May 19, 2015, and a Motion to Amend (ECF No. 40) on June 12, 2015.

## II. LEGAL STANDARD AND ANALYSIS

### A. Summary Dismissal

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636 (b)(1).

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely

4

filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). If the plaintiff fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.

As Plaintiff is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

In his Objections, Plaintiff reasserts the arguments in his Complaint, but fails to specifically address and refute the Magistrate Judge's findings. He offers no argument to counter the Magistrate Judge's findings that his claims are barred by *Heck*. Plaintiff objects only to the finding that his claims against Defendants Kolb, Nielson, and Cooper are barred by immunity via a general objection to the idea of "judicial error," stating, "why can't you folks be held responsible for your mess ups[?]" (ECF No. 34 at 3.) Finally, Plaintiff makes a general assertion that Defendants Mims and Williams "did violate [Plaintiff's] Constitutional Rights… and sat in the courtroom without upholding the law themselves, therefore let a wrongful conviction be granted." (*Id.* at 1.) He fails, however, to assert specific facts to allege any rights violations by these Defendants. Plaintiff offers no objections to the Magistrate Judge's findings

5

regarding his request for declaratory relief, or regarding this court's lack of jurisdiction over any state law claims he may be asserting.

As such, Plaintiff's Objections lack the requisite specificity required by Federal Rule of Civil Procedure 72(b). Because Plaintiff failed to properly object to the Report with specificity, the court does not need to conduct a *de novo* review and instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond,* 416 F.3d at 315. The court does not find clear error and accepts the Report by the Magistrate Judge.

### B. Motion and Demand to File Notice of Appeal

On February 19, 2015, Plaintiff filed a Motion and Demand to File Notice of Appeal, with the understanding that the Magistrate Judge's Report acted as a summary dismissal of Plaintiff's claim. (ECF No. 36.) In the Motion, Plaintiff stated that he was not informed of his right to file notice of appeal within 30 days of the decision, and requested an extension to file notice of appeal. (*Id.* at 1.)

As the Magistrate Judge's Report is only a recommendation to the court, and not a final action, Plaintiff's Motion was premature. With no final decision to appeal, and with the time period in which to appeal not at issue, Plaintiff's requested relief is unnecessary, and is therefore denied.

### C. Motion and Demand for Abeyance and Motions to Amend

On May 19, 2015, Plaintiff filed a Motion and Demand for Abeyance and to Amend Original Complaint (ECF No. 38), followed by a second Motion to Amend filed on June 12, 2015 (ECF No. 40).

In the May Motion, having received no response to his Objections, Plaintiff requests the court place the case in abeyance to allow him to amend his Complaint to add further details. (ECF No. 38 at 1.)  Plaintiff further requests a writ of mandamus "to expedite the litigation process." (*Id.*)  Plaintiff lists a number of additional details with which he wishes to supplement his Complaint, as well as additional Defendants he wishes to add. (*Id.* at 2-4.)  Plaintiff reiterates further details in his June Motion, attaching several documents pertaining to his arrest and conviction. (ECF No. 40.)

A party may amend its pleading, even after the time to amend as a matter of course has expired, when justice would require granting the request to amend. Fed. R. Civ. P. 15(a)(2).  A motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile. *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) (citing *HCMF Corp. v. Allen*, 238 F.3d 273, 276-77 (4th Cir. 2001)).  The decision to grant a party leave to amend rests within the sound discretion of the district court. *Sandcrest Outpatient Servs., P.A. v. Cumberland Cnty. Hosp. Sys., Inc.*, 853 F.2d 1139, 1148 (4th Cir. 1988).  However, "it is well-settled that '[i]n the absence of any apparent or declared reason… the leave sought should, as the rules require, be freely given.'" *National Bank of Washington v. Pearson*, 863 F.2d 322, 327 (4th Cir. 1988) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Even with the additional facts Plaintiff alleges, the essence of his claim would necessarily call into question the validity of his conviction.  As such, even with the proposed amendments, Plaintiff's claim would be precluded by *Heck*.  Therefore, the amendment would be futile and is denied.

In addition, as the court has now taken action, Plaintiff's request for a writ of mandamus is unnecessary and is therefore denied as moot.

7

### III. CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report of the Magistrate Judge and the record in this case, the court **ACCEPTS** the Report of the Magistrate Judge (ECF No. 31). It is therefore ordered that this action (ECF No. 1) is **DISMISSED** with prejudice. It is further ordered that Plaintiff's Motion and Demand to File Notice of Appeal (ECF No. 36), Motion and Demand for Abeyance and to Amend Original Complaint (ECF No. 38), and Motion to Amend (ECF No. 40) are **DENIED**.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

August 14, 2015
Columbia, South Carolina